UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

March 23, 2017

LETTER TO COUNSEL

RE: *Kelli Marie White v. Commissioner, Social Security Administration*;
Civil No. SAG-16-506

Dear Counsel:

On February 23, 2016, Plaintiff Kelli Marie White petitioned this Court to review the Social Security Administration's final decision to deny her claims for Disability Insurance Benefits and Supplemental Security Income. (ECF No. 1). I have considered the parties' cross-motions for summary judgment, and Ms. White's reply. (ECF Nos. 19, 23, 24). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). For the reasons set forth below, I will deny both motions, reverse the decision of the Commissioner, and remand the case pursuant to sentence four of 42 U.S.C. § 405(g).

Ms. White filed claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") in November, 2013, and February, 2014, respectively. (Tr. 198-208). She alleged a disability onset date of August 28, 2012. *Id.* Her claims were denied initially and on reconsideration.[1] (Tr. 121-24, 130-33). A hearing was held on August 12, 2015, before an Administrative Law Judge ("ALJ"). (Tr. 39-57). Following the hearing, the ALJ determined that Ms. White was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 17-38). The Appeals Council denied Ms. White's request for review, (Tr. 1-7), so the ALJ's decision constitutes the final, reviewable decision of the Agency.

The ALJ found that Ms. White suffered from the severe impairments of "ischemic heart disease, osteoarthritis and allied disorders, obesity, affective disorders, and anxiety disorders." (Tr. 23). Despite these impairments, the ALJ determined that Ms. White retained the residual functional capacity ("RFC") to:

> perform less than a full range of light work as defined in 20 CFR 404.1567(b) and 416.967(b). Specifically, the claimant could frequently climb ramps[,] stairs, balance, stoop, kneel, and crouch; however, she could only occasionally crawl. Additionally, the claimant could never climb ladders, ropes, and scaffolds. The claimant would have to avoid concentrated exposure to cold, heat, humidity, dust,

---

[1] I note that the denial of Ms. White's claim for SSI at the initial level was not included in the record.

>fumes, and pulmonary irritants. She would be limited to simple, routine tasks and could have only occasional contact with co-workers, supervisors, and the public.

(Tr. 26). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Ms. White could perform jobs existing in significant numbers in the national economy and that, therefore, she was not disabled. (Tr. 32-33).

Ms. White raises two primary arguments on appeal: (1) that the ALJ failed to find Ms. White's alleged foot conditions to be a severe impairment; and (2) that the ALJ failed to properly evaluate Ms. White's obesity. I agree that the ALJ erred at Step Two, and therefore find that remand is warranted. In remanding for additional explanation, I express no opinion as to whether the ALJ's ultimate conclusion that Ms. White is not entitled to benefits is correct or incorrect.

First, Ms. White contends that the ALJ erred by not determining that her "foot conditions" constitute a severe impairment. Pl. Mot. 8-17; Pl. Rep. 1-5. At step two, the ALJ must determine whether the claimant has a severe impairment. *See* 20 C.F.R. § 404.1520(c); 20 C.F.R. § 416.920(a)(4)(ii). An impairment is considered "severe" if it significantly limits the claimant's ability to work. *See* 20 C.F.R. § 404.1521(a). The claimant bears the burden of proving that her impairment is severe. *See Johnson v. Astrue*, 2012 WL 203397, at *2 (D. Md. Jan. 23, 2012) (citing *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995)). Here, the ALJ did not properly evaluate Ms. White's foot conditions at step two. (Tr. 23-24). Although the ALJ provided a lengthy recitation of the medical evidence regarding Ms. White's foot conditions, he failed to perform any analysis to determine whether those impairments were severe or non-severe. *Chase v. Comm'r, Soc. Sec. Admin.*, No. CV SAG-14-4009, 2015 WL 7295643, at *2 (D. Md. Nov. 17, 2015). Instead, the ALJ merely summarized the objective medical record, noting "diagnos[es] [of] foot pain," "left distal fibular fracture, status post left ankle closed reduction," and "tendinitis left foot extensor pollicis longus tendon," (Tr. 23-24), x-rays "reveal[ing] abundant callus formation at the distal fibula fracture," (Tr. 23-24), and an MRI "demonstrat[ing] a stress fracture of the second metatarsal, involving the proximal metaphyses and extending to the mid diaphyses [*sic*] with extensive surrounding edema," (Tr. 24). Following that recitation, the ALJ conclusorily stated that Ms. White's "foot conditions [do] not cause more than a minimal impact on her ability to perform basic work activities and are not severe." *Id.* However, "[i]t is evident that the ALJ did not properly evaluate [Ms. White's] foot impairment as he provided no analysis of the issue…[a]nd if the ALJ did thoroughly analyze the specific impairment as he is required to do, he failed to share his findings with the Court." *Albert v. Astrue*, No. CIV.A. CBD-10-2071, 2011 WL 3417109, at *3 (D. Md. July 29, 2011). Review of the conclusion for substantial evidence is therefore impossible.

An ALJ's failure to consider the severity of a diagnosis at step two is harmless where the ALJ corrects his or her error by "fully consider[ing] the impact" of the neglected evidence when determining the claimant's RFC. *See Burroughs v. Comm'r, Soc. Sec. Admin.*, 2015 WL 540719, at *1 (D. Md. Feb. 9, 2015). Here, however, the ALJ did not consider the impact of Ms. White's foot conditions in his RFC assessment. The ALJ is required to consider all of a claimant's impairments, both severe and non-severe, in assessing the claimant's RFC. *See* 20

*Kelli Marie White v. Commissioner, Social Security Administration*
Civil No. SAG-16-506
March 23, 2017

C.F.R. § 416.945(a)(2). Although the ALJ determined at step three that the record revealed no "joint major dysfunction" or "involvement of one major peripheral weight-bearing joint resulting in an inability to ambulate effectively," (Tr. 25), he did not expressly reference Ms. White's foot conditions at any point in the RFC analysis. Indeed, the ALJ failed to consider whether any functional limitations applied to her foot impairments, or, conversely, whether the record failed to show the need for any such limitations. Accordingly, the ALJ failed to consider Ms. White's foot conditions, and remand is required as a result. *Pile v. Comm'r, Soc. Sec. Admin.*, No. SAG-15-3603, 2016 WL 6238504, at *2 (D. Md. Oct. 25, 2016).

Second, Ms. White contends that the ALJ failed to properly consider her obesity. Pl. Mot. 17-19; Pl. Rep. 5-6. Social Security Regulation 02–1p explains that:

> [o]besity is a severe impairment when, alone or in combination with another medically determinable physical or mental impairment(s), it significantly limits an individual's physical or mental ability to do basic work activities ... [t]here is no specific level of weight or BMI that equates with a 'severe' or 'not severe' impairment. Neither do descriptive terms for levels of obesity (e.g., 'severe,' 'extreme,' or 'morbid' obesity) establish whether obesity is or is not a severe impairment for disability program purposes. Rather [the agency] will do an individualized assessment of the impact of obesity on an individual's functioning when deciding whether the impairment is severe.

SSR 02-1p, 2002 WL 34686281, at *4 (September 12, 2002). As noted above, it is the claimant's burden to provide evidence of the functional limitations caused by her severe impairment, including obesity. 20 C.F.R. § 404.1512(c); *Thompson v. Comm'r of Soc. Sec.*, No. TJS-12-3331, 2014 WL 992528, at *2 (D. Md. Mar. 12, 2014); *see also Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012) (citing *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1992). In this case, the ALJ assessed Ms. White's obesity and concluded that "the cumulative effects of [Ms. White's] obesity" with the medical evidence "fails to meet the requirements of any listed impairment." (Tr. 25). Ms. White points to her BMI records, (Tr. 439, 453, 459, 558, 584, 668, 684, 733), to contend that "the ALJ's failure to acknowledge such evidence casts doubt on whether the ALJ properly considered obesity at all." Pl. Mot. 18. However, contrary to Ms. White's assertion, the ALJ explicitly cites several of the BMI records on which Ms. White relies in the RFC assessment. *See*, *e.g.*, (Tr. 28) (citing (Tr. 453)); (Tr. 29) (citing (Tr. 439)); (Tr. 30) (citing (Tr. 684)). Additionally, Ms. White cites a recommendation from her treating physician that "if she was unable to be active…she will need to decrease her caloric intake to maintain her weight," (Tr. 733), but notes no evidence demonstrating that her obesity significantly limits her ability to perform at work. Indeed, Ms. White has not identified evidence of any particular limitations that are caused by her obesity. *See Brown v. Astrue*, Civil No. JKS-09-1792, 2011 WL 129006, at *2 (D. Md. Jan.14, 2011) (denying remand where claimant failed to identify evidence suggesting that his obesity caused greater limitations than the ALJ assigned). Accordingly, the ALJ provided substantial evidence in support of the limitations provided in Ms. White's RFC assessment. Remand is therefore unwarranted on that basis, though the ALJ is certainly free to provide additional obesity-related analysis on remand.

*Kelli Marie White v. Commissioner, Social Security Administration*
Civil No. SAG-16-506
March 23, 2017

      For the reasons set forth herein, Ms. White's Motion for Summary Judgment (ECF No. 19) is DENIED and Defendant's Motion for Summary Judgment (ECF No. 23) is DENIED. Pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's judgment is REVERSED IN PART due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The Clerk is directed to CLOSE this case.

      Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

      Sincerely yours,

      /s/

      Stephanie A. Gallagher
      United States Magistrate Judge